IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CULLEN T. DAVIS, #1210318,** | ) | |
|     Petitioner | ) | |
| | ) | |
| v. | ) | 3:04-CV-2501-N |
| | ) | ECF |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: At the time of filing this action, Petitioner was incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). His address or place of confinement is presently unknown. Respondent is the Director of TDCJ-CID. Process was issued in this case and Respondent filed an answer.

Findings and Conclusions: The December 6, 2004 order, permitting proceeding pursuant to § 2254 and granting the motion to proceed *in forma pauperis*, specifically requires a petitioner to inform the court of any change of address and its effective date. (See Docket #4). While Petitioner notified the court of his initial transfer to the Holliday Unit of TDCJ-CID, he has

failed to keep the court informed of any subsequent transfers or his release from custody. The court is not required to delay disposition in this case until such time as Petitioner provides his current address.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir. 1985) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1962)).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the habeas corpus petition be dismissed without prejudice for want of prosecution pursuant to Rule 41(b), Federal Rules of Civil Procedure.

Signed December 13, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.